UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 10-48558 |
| Colco Services, Inc.., | ) | |
| an Illinois corporation | ) | Chapter: 11 |
| | ) | |
| | ) | Honorable John H. Squires |
| | ) | |
| Debtor(s) | ) | |

**FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 366(b) OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the Motion of the above-captioned debtor ("Debtor") for entry of (i) an Interim Order and (ii) a Final Order (a) prohibiting Utility Providers from altering, refusing, or discontinuing services to the Debtor, except as set forth herein; (b) deeming the Utility Providers adequately assured of future performance; and (c) establishing procedures for resolving requests for additional adequate assurance of future payment and authorizing the Debtor to provide adequate assurance of future payment to the Utility Providers; and upon consideration of the Motion; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§1405 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors; and an Interim Order on this matter leaving been entered on December 16, 2010; and after due deliberation thereon, and good and sufficient cause appearing therefore; it is hereby

ORDERED, that the Motion is granted on a final basis; and it is further

ORDERED, that the Debtor is authorized, but not directed, to pay on a timely basis and in accordance with its prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtor; and it is further

ORDERED, that the Debtor shall maintain the Adequate Assurance Account, as provided in the Interim Order, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition/postcoversion Utility Services to the Debtor. The Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services, which may be adjusted by the Debtor to account for: (i) the termination of Utility Services by the Debtor regardless of any Additional Assurance Requests; and (ii) agreements with Utility Providers; and it is further

ORDERED, that, except in accordance with the procedures set forth herein and absent further order from this Court, all Utility Providers are (i) prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on account of the commencement of this chapter 11 case or any unpaid prepetition charges; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and it is further

ORDERED, that the Debtor shall serve a copy of the Motion and this Order on each Utility Provider within three (3) business days after entry of this Order by the Court; and it is further

ORDERED, that if a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtor, the Utility Provider shall serve a request for additional adequate assurance (the "Additional Assurance Request") so that it is received by the Debtor at the following addresses: (i) Colco Services, Inc., c/o Colleen Cavallo, 1804 N. Naper Blvd., Naperville, IL 60563 and (ii) Colco Services, Inc., Attn: David A. Newby, Coman & Anderson, P.C., 2525 Cabot Drive, Suite 300, Lisle, Illinois 60532; and it is further

ORDERED, that any Additional Assurance Request shall (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and it is further

ORDERED, that, without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtor, in its discretion, determines that the Additional Assurance Request is reasonable; and it is further

ORDERED, that, if the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider, the Debtor will request a hearing before this Court within a reasonable tune after receipt of the Additional Assurance Request to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code, without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code (any hearing requested by the Debtor or a Utility Provider, the "Determination Hearing"); and it is further

ORDERED, that, pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider is prohibited from altering, refusing, or discontinuing services to, or discriminating against, the Debtor solely on the basis of the commencement of this chapter 11 case or any unpaid prepetition charges; and it is further

ORDERED, that the Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request; and it is further

ORDERED, that nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further
ORDERED, that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

Enter:

Honorable John H. Squires
United States Bankruptcy Judge

Dated: JAN 11 2011

**Prepared by counsel of Movant:**

David A. Newby
ARDC: 6191580
Coman & Anderson, P.C.
2525 Cabot Drive, Suite 300
Lisle, Illinois 60532
T: (630) 428-2660
F. (630) 428-2549

Rev: 20101008_bko