# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Colco Services, Inc., | ) | Case No. 10-48558 |
| | ) | |
|       Debtor. | ) | Assigned Judge to Calendar D |
| | ) | |
| | ) | |

## NOTICE OF MOTION

     PLEASE TAKE NOTICE THAT on **January 20, 2012 at 9:15 a.m.**, I shall appear before the Assigned Judge to Calendar D, Bankruptcy Judge, in Courtroom 4016 of the United States Bankruptcy Court for the Northern District of Illinois – Eastern Division, 505 North County Farm Road, Wheaton, Illinois, or before any other Bankruptcy Judge who may be sitting in his/her stead and present **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**, a copy of which is served on you.

                      Respectfully submitted,

                      COMAN & ANDERSON, P.C.

                      By: *s/* David A. Newby
                              One of its Attorneys

David A. Newby
Coman & Anderson, P.C.
650 Warrenville Road
Suite 500
Lisle, Illinois 60532
T: (630) 428-2660
F. (630) 428-2549

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES** and **NOTICE OF MOTION**, thereof, to be served on the following parties as specified below via this ECF Court System and to the additional parties listed below via First Class Mail, proper postage prepaid, on this 28th day of December, 2011.

### VIA ECF

| | |
|---|---|
| U.S. Trustee, Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Creditor Laborers' Pension Fund | jerrodo@chilpwf.com, fundcounsel@gmail.com |
| David Brown, Trustee | dbrown@springerbrown.com |

### VIA FIRST CLASS MAIL

| | | | |
|---|---|---|---|
| A.N.S.I., Inc.<br>660 Pond Drive<br>Wood Dale, Illinois 60191 | Ally Bank<br>Attn: Bankruptcy Department<br>2740 Arthur Street<br>Roseville, Minnesota 55113 | Bank of America<br>Attn: Bankruptcy Department<br>NC4-105-03-14<br>4161 Piedmont Parkway<br>Greensboro, North Carolina 27410 | Colco Services, Inc.<br>c/o Colleen Cavallo<br>401 Haddassah Court<br>Naperville, Illinois 60565 |
| Dominic DesSignore<br>408 Gateshead<br>Naperville, Illinois 60565 | Imperial Service Systems<br>500 Waters Edge, Suite 310<br>Lombard, Illinois 60148 | J.P. Morgan Chase<br>c/o Lauren Newman<br>Thompson Coburn, LLP<br>55 East Monroe Street, 37th Floor<br>Chicago, Illinois 60603 | Kathleen Walsh<br>c/o Law Office of John C. Ireland<br>1921 Charles Lane<br>Aurora, Illinois 60505 |
| Kranz, Inc.<br>2200 DeKoven Avenue<br>Racine, Wisconsin 53403 | Robert H. Brown<br>Laner Muchin Dombrow Becler Levin Tominberg, Ltd.<br>515 North State Street, Suite 2800<br>Chicago, Illinois 60654 | Norman B. Newman<br>Much Schelist Denenberg Ament & Rubenstein PC<br>191 North Wacker Drive, Suite 1800<br>Chicago, Illinois 60606 | Marlin Leasing Corp.<br>300 Fellowship Road<br>Mount Laurel, New Jersey 08054 |
| Infinate Storage<br>296 North Weber Road<br>Bolingbrook, Illinois 60440 | Persico, Inc.<br>617 West Main Street<br>Barrington, Illinois 60010 | Pitney Bowes<br>1 Elmcroft Road<br>Stamford, Connecticut 06926 | United States of America<br>c/o Joel Nathan, Asst. U.S. Attorney<br>219 South Dearborn, Suite 500<br>Chicago, Illinois 60604 |
| Internal Revenue Service<br>Small Business Division Office<br>c/o Robert Little<br>200 West Adams Street, Suite 2300<br>Chicago, Illinois 60606 | State of Illinois<br>Revenue Litigation Bureau<br>c/o James Newbold<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601 | Accurate Computer Consulting<br>1 Old Oak Trail<br>Palos Heights, Illinois 60463 | ROC/Suburban Naperville, LLC<br>4951 Indiana Avenue, Suite 450<br>Lisle, Illinois 60532 |
| City of Naperville<br>Department of Public Utilities<br>Attn: Collections Department<br>400 South Eagle Street<br>Naperville, Illinois 60540 | City of Naperville<br>Department of Public Utilities<br>c/o City Counsel, Margo Ely<br>400 South Eagle Street<br>Naperville, Illinois 60540 | Comcast<br>Attn: Bankruptcy Department<br>155 Industrial Drive<br>Elmhurst, Illinois 60126 | Comcast<br>c/o Registered Agent,<br>CT Corporation System<br>Attn: Service of Process<br>208 South LaSalle Street, Suite 814<br>Chicago, Illinois 60604 |
| XO Communications<br>Attn: Bankruptcy Department<br>8851 Sandy Parkway<br>Sandy, Utah 84070 | XO Communications<br>c/o Registered Agent,<br>Illinois Corporation Service Co.<br>Attn: Service of Process<br>801 Adlai Stevenson Drive<br>Springfield, Illinois 62703 | Verizon Wireless<br>c/o Bankruptcy Administration<br>404 Brock Drive<br>Bloomington, Illinois 61701 | Verizon Wireless<br>c/o Registered Agent,<br>CT Corporation System<br>Attn: Service of Process<br>208 South LaSalle Street, Suite 814<br>Chicago, Illinois 60604 |
| Public Storage<br>2638 North Pulaski<br>Chicago, Illinois 60639 | Turner Construction Company<br>55 East Monroe Street, Suite 3100<br>Chicago, Illinois 60603 | IRS<br>230 South Dearborn<br>Mail St. 5010 CHI<br>Chicago, Illinois 60604 | Illinois Department of Revenue<br>Bankruptcy Section Level 7-425<br>100 West Randolph Street<br>Chicago, Illinois 60601 |
| Local 25 SEIU Benefit Funds<br>Local 25 SEIU Welfare Fund<br>P.O. Box 94443<br>Chicago, Illinois 60690-4443 | Local 25 SEIU Welfare Fund<br>SEIU Local 1<br>111 East Wacker Drive, 25th Floor<br>Chicago, Illinois 60601-4200 | SEIU Local One<br>Lockbox 94446<br>Chicago, Illinois 60690-4446 | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re                                     )
                                          )
                                          )        Bankruptcy No. _____
                                          )
                     Debtor.              )        Chapter          _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____   through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:        Interim Application _____        Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date<br>Filed | Period<br>Covered | Total Requested<br>(Fees & Expenses) | Total Allowed<br>(Fees & Expenses) | Fees & Expenses<br>Previously Paid |
| --- | --- | --- | --- | --- |

Dated: _____         _____
                                                            (Counsel)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Colco Services, Inc., | ) | Case No.   10-48558 |
| | ) | |
| Debtor. | ) | Assigned Judge to Calendar D |
| | ) | |

**COMAN & ANDERSON, P.C.'S FINAL APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Coman & Anderson, P.C. ("C&A"), bankruptcy counsel for Colco Services, Inc., Debtor and formerly a Debtor-in-Possession (the "Debtor") in the above-captioned case, pursuant to sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 (the Federal Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") and Local Rule 5082-1 of the Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), respectfully makes final application for compensation and reimbursement of expenses for the period of March 1, 2010, through December, 2011, (the "Application"), and for the final allowance of its prior interim application. In support of its Application, C&A states as follows:

**BACKGROUND**

1.      On October 29, 2010, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor.  On December 7, 2010, (the "Conversion Date") the Debtor converted this case to one under Chapter 11 of the Bankruptcy Code.

2.      On August 9, 2011, an Order was entered converting this case to one under Chapter 7 of the Bankruptcy Code and appointing David R. Brown as trustee.

3

3. The Debtor was formed in 1991 by Colleen Cavallo, its president and owner. The Debtor was a Certified Woman Owned and Operated company which specialized in post-construction cleaning and janitorial services, including dust free environments for data centers and computer rooms and clinical cleans for hospitals and medical offices.

4. The Debtor operated with a staff of over 60 janitorial employees, three sales people and a five person office staff who provided service 24 hours a day, seven days a week.

5. Upon the request of Debtor, the Court, by Order dated January 5, 2011, appointed C&A as counsel for the Debtor to represent it in its Chapter 11 case retroactively to the Conversion Date. (*See* Docket Entry 32). The order also authorized C&A to apply for allowance of compensation for professional services rendered and reimbursement of expenses every sixty (60) days.

6. This Application is C&A's final application and seeks compensation as counsel for the Debtor for the time period of March 1, 2010, through December, 2011, and for reimbursement of expenses incurred during that period as well as the final allowance of its prior interim fee and expense awards.

7. C&A does not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. C&A has previously filed the Affidavit of David A. Newby in Support of Application to Retain C&A as counsel for the Debtor under 11 U.S.C. § 327(a) (the "Affidavit").

8. C&A performed services for which it is seeking compensation on behalf of or for the Debtor and its estate and to assist the trustee appointed when the Debtor's case was converted from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code.

9. Except to the extent of the advance payment retainer paid to C&A, which was previously disclosed to this Court, C&A has received no payment and no promises for payment from any source for services rendered in any capacity whatsoever in connection with this case.

## JURISDICTION

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). The statutory and legal predicate for the relief sought herein is §§ 105(a), 330 and 331 of the Bankruptcy Code.

## Case Status

11. While in Chapter 11, the Debtor paid all quarterly fees due to the United States Trustee and all Monthly and Quarterly Operating Reports have been filed.

12. On August 9, 2011, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code and a trustee was appointed to liquidate its assets.

## Nature of Legal Services Performed by C&A

13. By this Application, C&A seeks a final award under Bankruptcy Code § 330 for the application of payment in the amount of $35,617.50 for services rendered to the Debtor in connection with this case during the period of March 1, 2010, through December, 2011, together with a final award of $953.11 in reimbursement of expenses incurred by C&A during that same period. In accordance with section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Chapter 11 case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

14. In summary, C&A assisted the Debtor in the administration of its estate, including assisting the trustee after the conversion to Chapter 7, and has performed the services set forth on

the schedule attached hereto and made part hereof as Exhibit B, organized by date. Exhibit C identifies the services performed, the date and amount of time involved, the individual performing the service, and the billing rate of the individual, broken into categories of work performed. The services performed and documented by Exhibit C include, but are not limited to: providing legal advice to the Debtor concerning management and operations as debtor-in-possession; representing the Debtor in negotiations with the various constituencies in this case; analysis of assets, recovery of assets and asset disposition; managing the filing, drafting, serving and noticing of a substantial number of pleadings and papers in this case; and responding to inquiries from creditors. C&A also provided required assistance to the trustee following the conversion of the case.

15. As additional support of this Application, C&A has attached hereto the following items:

Exhibit A: Pursuant to Local Rule 5082-1(B)(e) and (f), Exhibit A is a summary sheet listing all Coman & Anderson, P.C.'s attorneys and legal assistants who performed the services that are the subject of this Application, their position (e.g. attorney, legal assistant) their initials used in timekeeping, their respective hourly rates, the total time devoted by each lawyer or legal assistant to perform the services for the Debtor during the period covered by this Application, the total fees requested for the services performed by each listed lawyer or legal assistant, and the effective blended hourly rate at which the subject services were performed. Exhibit A also contains a statement of all compensation previously sought and allowed.

Exhibit B: Chronological listing of the date of services, nature of services, professional performing the services, and time expended.

Exhibit C: Summary statement breakdown of principal activities and a breakdown of the total compensation sought for each person's work on each separate task for which Coman & Anderson, P.C. seeks compensation in this Application.

Exhibit D: Chronological listing of advancements made and expenses incurred on behalf of the Debtor during the course of its representation, itemized by date, the nature of the expense and amount.

16. The work performed and the services rendered for which compensation is requested, as well as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

17. The professional services rendered by C&A during the Application period are grouped into titled project categories, the titles and scope of work are as suggested under section 330 of the Bankruptcy Code, and are described in paragraphs 20 through 24 herein.

18. <u>Business Operations:</u> (Hours: 9.0; Fees: $2988.00) This project category deals with issues related to debtor-in-possession operating in chapter 11 such as cash collateral, employee and vendor issues. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| Kimberly A. Haskell | Paralegal | $160.00-170.00 | .4 | $64.00 |
| David A. Newby | Attorney | $340.00 | 8.6 | $2,924.00 |

19. <u>Case Administration:</u> (Hours: 70.9; Fees: $18,762.00) This project category involves, *inter alia*, coordination and compliance activities including preparation of United States Trustee interim statements and operating reports; contacts with the United States Trustee; and court appearances to prosecute various motions, including the employment of counsel. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| Kimberly A. Haskell | Paralegal | $160.00 | 30.6 | $5,078.00 |
| David A. Newby | Attorney | $340.00 | 39.1 | $13,294.00 |
| John A. Lipinsky | Attorney | $325.00 | 1.2 | $390.00 |

20. <u>Asset Analysis and Recovery:</u> (Hours: 5.3; Fees $1,802.00) This project category primarily encompasses Debtor's attempts to collect on various outstanding receivables. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| David A. Newby | Attorney | $340.00 | 5.3 | $1,802.00 |

21. <u>Claims Administration</u>: (Hours: 13.00; Fees: $4,181.50) This project category primarily encompasses supervision of and objections to claims of various purported creditors. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| David A. Newby | Attorney | $340.00 | 10.3 | $3,502.00 |
| John A. Lipinsky | Attorney | $325.00 | 1.5 | $487.50 |
| Kimberly A. Haskell | Paralegal | $160.00-170.00 | 1.2 | $192.00 |

22. <u>Post Conversion Activities</u>: (Hours:16.2; Fees: $4,288.00) This project category includes ensuring that all property of the estate was accounted for and turned over to the trustee, preparation and filing a schedule of unpaid debts as of the conversion date; and attendance at the post-conversion 341 meeting. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| David A. Newby | Attorney | $340.00 | 9.2 | $3,048.00 |
| Kimberly A. Haskell | Paralegal | $170.00 | 7.0 | $1,190.00 |

23. <u>Fee and Employment Applications</u>: (Hours: 16.3; Fees: $3,596.00) This project category primarily encompasses the preparation C&A's first and final fee applications. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| David A. Newby | Attorney | $340.00 | 5.2 | $1,768.00 |
| Kimberly A. Haskell | Paralegal | $160.00-170.00 | 11.1 | $1,828.00 |

24. It is C&A's policy to charge its clients in all areas of practice for the identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is C&A's policy to charge its clients only the amount actually incurred in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation and photocopying.

**Statement of Legal Services and Expenses Pursuant to 11 U.S. C. § 504 and Rule 2016(B) of the Rules of Bankruptcy Procedure**

25. All of the services performed by C&A were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by C&A at the request and direction of the Debtor. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the service performed, all of C&A's services are compensable.

26. There has been no duplication of services by the members or associates of C&A. In those instances were two or more attorneys and/or paralegals participated in any matter, such joint participation was necessary because of the complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

27. The rates at which C&A seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

28. No agreement exists between C&A and any third person for the sharing of compensation received by C&A in this case, except as allowed by the exception set forth in Bankruptcy Code Section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of C&A.

29. From March 1, 2011, through December, 2011, C&A has devoted 130.7 hours with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $35,617.50, and has incurred necessary expenses totaling $953.11.

WHEREFORE, Coman & Anderson, P.C. respectfully requests that this Court:

A. allow Coman & Anderson, P.C.'s final compensation in the amount of $35,617.50 for services rendered in this case which represents time from March 1, 2011, through December, 2011;

B. allow Coman & Anderson, P.C. reimbursement in the amount of $953.11 for unreimbursed expenses advanced during that period.;

C. allow the application of the total sum of $36,570.61, which represents the total final compensation and reimbursement requested herein;

D. make final the Court's prior interim allowances; and,

E. grant all other relief that is just and appropriate.

Respectfully submitted,

Coman & Anderson, P.C.

By: /s/ David A. Newby
    One of its Attorneys

David A. Newby
Coman & Anderson, P.C.
650 Warrenville Road
Suite 500
Lisle, Illinois 60532
T: (630) 428-2660
F: (630) 428-2549